T.C. Memo. 1997-398

UNITED STATES TAX COURT

DANIEL V. PRESNICK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14198-96.          Filed September 2, 1997.

Daniel V. Presnick, pro se.

<u>Robert E. Marum</u>, for respondent.

MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:   This case was heard pursuant
to the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

---

[1]    Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the taxable years in
issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax for the years indicated:

| Year | Deficiency | Additions to Tax Sec. 6651(a)(1) | Sec. 6654 |
|------|-----------|------------------------------------|-----------|
| 1990 | $2,699 | $674.75 | - |
| 1991 | 1,420 | 355.00 | $82.00 |
| 1992 | 1,822 | 455.50 | 79.00 |
| 1993 | 1,224 | 288.25 | 47.99 |

After concessions by the parties,[2] the issues remaining for decision are: (1) Whether petitioner had unreported nonemployee compensation in amounts determined by respondent; (2) whether petitioner is liable for the section 6651(a)(1) additions to tax; (3) whether petitioner is liable for the section 6654(a) additions to tax.

No stipulations of fact were filed in this case. Petitioner resided in Orange, Connecticut, on the date the petition was filed in this case.

Petitioner is a former member of the Connecticut State Bar, having been disbarred in 1989. He worked as a property manager for Florida Realty and Reconstruction, Inc. (Florida Realty) during the taxable years in issue. He was responsible for managing one rental property, located in Guilford, Connecticut, which he described as a "giant house". Florida Realty is

---

[2] Respondent concedes that petitioner's nonemployee compensation for taxable year 1990 is only $5,637, approximately half of the amount determined in the statutory notice of deficiency. Petitioner concedes that he received and failed to report interest income and dividend income in the amounts determined by respondent.

operated by petitioner's brother, who lives in Florida and did not appear at trial.

Petitioner did not file a return for any of the taxable years in issue.

On February 19, 1997, petitioner was served with a notice setting his case for trial on May 12, 1997. Attached to the notice of trial was the Court's standing pretrial order which states in part:

> ORDERED that all facts shall be stipulated to the maximum extent possible. All documentary and written evidence shall be marked and stipulated in accordance with Rule 91(b), unless the evidence is to be used to impeach the credibility of a witness. Objections may be preserved in the stipulation. If a complete stipulation of facts is not ready for submission at trial, and if the Court determines that this is the result of either party's failure to fully cooperate in the preparation thereof, the Court may order sanctions against the uncooperative party. Any documents or materials which a party expects to utilize in the event of trial (except for impeachment), but which are not stipulated, shall be identified in writing and exchanged by the parties at least 15 days before the first day of the trial session. The Court may refuse to receive in evidence any document or material not so stipulated or exchanged, unless otherwise agreed by the parties or allowed by the Court for good cause shown.

Petitioner did not exchange any of his documents at least 15 days before the first day of the trial session. Petitioner appeared for trial with a box of unorganized documents which he had first shared with respondent the morning of the trial.

The first issue for decision is whether petitioner had unreported nonemployee compensation in the amounts determined by respondent. Respondent's determinations in the statutory notice

of deficiency are presumed to be correct, and petitioner bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Section 61(a) defines gross income to mean all income from whatever source derived including, but not limited to, compensation for services, including fees, commissions, fringe benefits, and similar items. Sec. 61(a)(1).

Petitioner contends that the amounts he received from Florida Realty are not includable in his gross income because such amounts were reimbursements for amounts that he paid to maintain the Guilford rental property. Alternatively, he argues that, if such amounts are includable in income, he should be entitled to business expense deductions for the amounts that he advanced on behalf of Florida Realty. Petitioner further claims that he is entitled to business expense deductions for certain amounts he paid to wind up his law practice, subsequent to his disbarment.

Petitioner has failed to meet his burden of proof. Rule 142(a). He did not comply with the requirements of the standing pretrial order. He has not shown good cause for his failure to exchange his documents with respondent as required by the pretrial order, and the Court did not receive them in evidence. His testimony was disjointed, contradictory, and, at times, incomprehensible.

Petitioner did not call any witnesses, and relies solely upon his own testimony in support of his position. It is well established that, in the absence of corroborating evidence, we are not required to accept the self-serving and unverified testimony of taxpayers. Niedringhaus v. Commissioner, 99 T.C. 202, 212 (1992); Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

Based on the limited record in this case, we find that petitioner has not proved that he did not receive nonemployee compensation in the amounts determined by respondent, apart from the amount conceded by respondent for 1990. Further, he has not proved that he is entitled to any deductions for advances on behalf of Florida Realty or windup expenses for his law practice, or the amounts thereof. Respondent's determinations on this issue are therefore sustained.

The second issue for decision is whether petitioner is liable for the section 6651(a)(1) additions to tax for 1990, 1991, 1992, and 1993.

Section 6651(a)(1) imposes an addition to tax for failure to timely file a return, unless the taxpayer establishes: (1) The failure did not result from "willful neglect," and (2) the failure was "due to a reasonable cause". "Willful neglect" has been interpreted to mean a conscious, intentional failure or reckless indifference. United States v. Boyle, 469 U.S. 241, 245-246 (1985). "Reasonable cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence

and was nonetheless unable to file a return within the prescribed time.  United States v. Boyle, supra at 246.  The addition to tax equals 5 percent of the tax required to be shown on the return for the first month with an additional 5 percent for each additional month or fraction of a month during which the failure to file continues, not to exceed a maximum of 25 percent.  Sec. 6651(a)(1).

Petitioner stated that he did not feel that he should be called upon to pay a penalty because as far as he was concerned his income was zero, aside from his interest and dividends. Petitioner's belief that he did not owe any tax does not constitute reasonable cause under section 6651(a)(1), especially considering the fact that petitioner is a former attorney. Krieger v. Commissioner, T.C. Memo. 1993-347, affd. without published opinion 64 F.3d 657 (4th Cir. 1995).  We find that petitioner has failed to show that his failure to timely file his returns was not due to willful neglect or that such failure was due to reasonable cause.  Therefore, we hold that petitioner is liable for the section 6651(a)(1) additions to tax.

The third issue for decision is whether petitioner is liable for the section 6654(a) additions to tax for failure to make estimated income tax payments for 1991, 1992, and 1993.

Unless the taxpayer demonstrates that one of the statutory exceptions applies, imposition of this addition to tax is mandatory where prepayments of tax, either through withholding or

by making estimated quarterly tax payments during the course of the taxable year, do not equal the percentage of total liability required under the statute. Sec. 6654(a); <u>Niedringhaus v. Commissioner</u>, <u>supra</u> at 222; <u>Grosshandler v. Commissioner</u>, 75 T.C. 1, 20-21 (1980). Petitioner bears the burden of proving his entitlement to any exception. <u>Habersham-Bey v. Commissioner</u>, 78 T.C. 304, 319-320 (1982).

Respondent's determination takes into account a small amount of withholding for 1993. Petitioner did not make any estimated tax payments for 1991, 1992, or 1993, nor has he shown that any of the statutory exceptions are applicable in this case. We therefore sustain respondent's determination on this issue.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.